**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,** )<br><br>    **One Tower Square**<br>    **Hartford, Connecticut 06813**<br><br>    **Plaintiff,**<br><br>v.<br><br>**BRANDO REALTY, LLC,**<br><br>    **1159 Regal Oak Drive**<br>    **Rockville, Maryland 20852,**<br><br>    **Defendant.** | Civil Action No.: _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Travelers Casualty Insurance Company of America ("Travelers"), by counsel, states as follows as its Complaint for Declaratory Judgment against Brando Realty, LLC ("Brando").

### I.  Parties

1.   Plaintiff Travelers is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Connecticut, and is a citizen of Connecticut. At all relevant times hereto, Travelers was licensed to conduct the business of insurance in the District of Columbia.

2.   Defendant Brando is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business located in Maryland, and is a citizen of Maryland.

## II. Jurisdiction and Venue

3. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Travelers and Defendant Brando, and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III. Facts

**The Loss**

6. Brando owns a commercial rental property located at 700 H Street NE, Washington, D.C. (the "Building").

7. On or about May 1, 2014, Brando reported to Travelers that on April 25, 2014, the Building had sustained interior water damage (the "Loss").

8. Travelers conducted an investigation into the cause of the Loss and determined that the Loss was not covered by the Policy.

9. In addition, Travelers' investigation into the Loss determined that the Building had been vacant for more than sixty (60) days prior to the Loss.

**The Policy**

10. At the time the Loss was reported to Travelers, the Building was listed as an insured location on Building PAC insurance policy number 680-3C051796, with a policy period from October 2, 2013 to October 2, 2014, issued by Travelers to Brando

Realty, LLC (as the named insured) (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A.

11. Pertinent to this lawsuit, the Policy contains a Businessowners Coverage Part Deluxe Edition, which included Businessowners Property Coverage. That Businessowners Property Coverage includes the following insuring agreement:

> **A. COVERAGE**
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.
>
> \* \* \*
>
> **4. Covered Causes of Loss**
>
> RISKS OF DIRECT PHYSICAL LOSS unless the loss is:
>
> a. Limited in Paragraph **A.5.**, Limitations; or
>
> b. Excluded in Paragraph **B.**, Exclusions

(Policy (Ex. A), MP T1 02 02 05, pp. 1, 3-4 of 39).

12. As relevant to this lawsuit, the Policy contains the following limitations applicable to the Businessowners Coverage Part:

> **5. Limitations**
>
> a. We will not pay for loss of or damage to:
>
> (1) The "interior of any building or structure" or to personal property in the building or structure, caused by rain, snow sleet, ice, sand or dust, whether driven by wind or not, unless:
>
> (a) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

3

    (b) The loss or damage is caused by or results from thawing of snow sleet or ice on the building or structure.

* * *

d. We will not pay for any loss or damage caused by any of the following, even if they are Covered Causes of Loss, if the building where the loss or damage occurs has been "vacant" for more than 60 consecutive days before that loss or damage occurs:

* * *

    (4) Discharge or leakage of water; . . .

(Policy (Ex. A), MP T1 02 02 05, p. 4 of 39).

13.    As relevant to this lawsuit, the Policy contains the following exclusions applicable to the Businessowners Coverage Part:

**B. EXCLUSIONS**

* * *

2. We will not pay for loss or damage caused by or resulting from any of the following:

* * *

d. (1) Wear and tear;

* * *

3. We will not pay for loss or damage caused by or resulting from any of the following under Paragraphs **a.** through **c.** But if an excluded cause of loss that is listed in Paragraphs **a.** and **b.** below results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss.

* * *

c. Faulty, inadequate or defective:

* * *

4

      (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

* * *

      (4) Maintenance;

of part or all of any property on or off the described premises.

If an excluded cause of loss that is listed in Paragraphs (1) through (4) above results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss.  But we will not pay for:

      (1) Any cost of correcting or making good the fault, inadequacy or defect itself, including any cost incurred to tear down, tear out, repair or replace any part of any property to correct the fault, inadequacy, or defect; or

      (2) Any resulting loss or damage by a Covered Cause of Loss to the property that has the fault, inadequacy or defect until the fault, inadequacy or defect is corrected.

(Policy (Ex. A), MP T1 02 02 05, p. 24, 26 of 39).

14. The Policy's Businessowners Coverage Part is modified by a Fungus, Wet Rot, Dry Rot and Other Causes of Loss Changes endorsement, which includes the following exclusions pertinent to this lawsuit:

B. The EXCLUSIONS contained in Section **B**. of the BUSINESSOWNERS PROPERTY COVERAGE FORM are amended as follows:

  1. The following exclusion is added to **B.1.**:

    **"Fungus", Wet Rot or Dry Rot**

    a. We will not pay for loss or damage, or any increase in the amount of loss or damage, caused directly or indirectly by or resulting from the presence, growth, proliferation, spread or any activity of "fungus", wet rot or dry rot.

>>But if "fungus", wet rot or dry rot results in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".
>>
>>This exclusion does not apply:
>>
>>>(1) When "fungus", wet rot or dry rot results from fire or lightning; or
>>>
>>>(2) To the extent that coverage is provided in the Additional Coverage – Limited "Fungus", Wet Rot or Dry Rot in Section **C.1.** below of this endorsement with respect to loss or damage by a cause of loss other than fire or lightning.
>
>2. The exclusions contained in **B.2.** are amended as follows:
>
>>a. Under exclusion **B.2.d.(2),** reference to fungus, wet rot or dry rot, mold is deleted.
>>
>>b. Exclusion **B.2.f.** is deleted and replaced by the following:
>>
>>We will not pay for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation or humidity, moisture or vapor that occurs over a period of 14 days or more.

(Policy (Ex. A), MP T3 23 08 06, p. 1 of 3).

    15.    As relevant to this lawsuit, the Policy contains the following definitions applicable to the Businessowners Coverage Part:

>**G. PROPERTY DEFINITIONS**
>
>>\* \* \*
>
>>**13. "Interior of any building or structure"** means all portions of the building or structure that are within the exterior facing surface material of the building or structure.
>
>>\* \* \*
>
>>**30. "Vacant"** means the following:
>
>>\* \* \*

6

  (2) When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:

  (a) Rented to a lessee or sub-lessee and used by the lessee or sub-lessee to conduct its customary operations; or
  (b) Used by the building owner to conduct customary operations.

(Policy (Ex. A), MP T1 02 02 05, p. 37, 39 of 39).

16. The Fungus, Wet Rot, Dry Rot and Other Causes of Loss Changes endorsement includes the following additional definitions pertinent to this lawsuit:

  D. The DEFINITIONS contained in Section G. are amended as follows:

  1. The definition of "Specified Causes of Loss" is deleted and replaced by the following:

  "Specified Causes of Loss" means the following: Fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse as defined below; volcanic action; falling objects as limited below; all only as otherwise insured against in this Coverage Form.

  a. Sinkhole collapse means the sudden sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite. This cause of loss does not include:

  (1) The cost of filling sinkholes; or

  (2) Sinking or collapse of land into man-made underground cavities

  b. Falling objects does not include loss or damage to:

  (1) Personal property in the open; or

  (2) The "interior of a building or structure", or property inside a building or structure, unless the roof or and outside wall of the building or structure is first damaged by a falling object.

  c. Water damage means accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of

7

      any part of a system or appliance (other than a sump system including its related equipment and parts) containing water or steam.

* * *

   2. The following definition is added:

      "Fungus" means any type or form of fungus, including but not limited to mold or mildew, and any mycotoxins, spores, scents or byproducts produced or released by fungi.

(Policy (Ex. A), MP T3 23 08 06, pp. 2-3 of 3).

### The Claim

17. During the course of Travelers' investigation into the Loss, Brando submitted to Travelers a Sworn Statement In Proof Of Loss stating that the amount it claimed as damages under the Policy in connection with the Loss is $107,046.89.

### IV. Count I – Declaratory Judgment

18. An actual controversy exists between Travelers and Brando concerning whether Brando is entitled to coverage under the Policy in connection with the Loss. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

19. Travelers seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Travelers has no obligation to provide coverage to Brando in connection with the Loss under the Policy or otherwise.

20. Travelers is entitled to this declaratory judgment:

   (A) Because the Loss was not caused by direct physical loss of or damage to Covered Property at the premises described in the declarations by or resulting from a Covered Cause Of Loss;

(B) Because coverage for the Loss is barred by limitations 5.a.(1) and 5.d.(4), set forth above;

(C) Because coverage for the Loss is barred by exclusions B.2.d.(1); B.2.d.(2); B.2.f.; and B.2.c.(4), set forth above; and

(D) To the extent that coverage for the Loss is barred by exclusion B.1.a., as added by the Fungus, Wet Rot, Dry Rot and Other Causes of Loss Changes Endorsement, as set forth above.

WHEREFORE, Travelers respectfully requests that this Court:

1. Declare that Brando is not entitled to coverage with respect to the Loss under the Policy or otherwise; and

2. Award such other and further relief as this Court deems just and proper.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

By: _____/s/_____
                Counsel

Kathryn E. Kasper (DCB No.: 980045)
Hancock, Daniel, Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
kkasper@hdjn.com
Phone:  (804) 967-9604
Fax:  (804) 967-2411
*Counsel for Travelers Casualty Insurance Company of America*